# EXHIBIT "1"

## Complaint



**Koeller | Nebeker | Carlson | Haluck llp**

400 S. 4th Street, Suite 600

Las Vegas, NV 89101

Electronically Filed
11/21/2016 02:30:24 PM

*[signature]*

**CLERK OF THE COURT**

1  **COMP**
2  MICHAELA E. TRAMEL, ESQ.
   Nevada Bar No. 9466
3  RICHARD HARRIS LAW FIRM
   801 South Fourth St.
5  Las Vegas, NV 89101
   Tel.:  (702) 444-4444
6  Fax:  (702) 444-4455
7  Email: Michaela@richardharrislaw.com

8  *Attorneys for Plaintiff*

9

10                          **DISTRICT COURT**

11                      **CLARK COUNTY, NEVADA**

12

13  WAYNE YOSHIMOTO,                          CASE NO. A- 16- 746994- C

14          Plaintiffs,                        DEPT. NO.:    XXVIII
    vs.
15
    SAFECO INSURANCE COMPANY OF               **COMPLAINT**
16  ILLINOIS; DOES 1 through 20; ROE BUSINESS
    ENTITIES 1 through 20, inclusive jointly and
17  severally,

18          Defendants.

19

20

21      COME NOW, Plaintiff WAYNE YOSHIMOTO by and through his attorneys of record

22  MICHAELA E. TRAMEL, ESQ. of the RICHARD HARRIS LAW FIRM, and complains and

23  alleges as follows:

24                    **PARTIES AND JURISDICTION**

25
26      1.   That at all times relevant herein, Plaintiff WAYNE YOSHIMOTO (hereinafter

27           referred to as "Plaintiff"), is and was a resident of the County of Clark, State of

28           Nevada.

1

2.   That at all times relevant herein, Defendant SAFECO INSURANCE COMPANY OF ILLINOIS, was, and is, a Foreign Corporation, providing insurance products and services, and conducting business in Clark County, Nevada.

3.   The identities of Defendant DOES 1 through 20, and ROE BUSINESS ENTITIES 1 through 20, are unknown at this time and are individuals, corporations, associations, partnerships, subsidiaries, holding companies, owners, predecessor or successor entities, joint venturers, parent corporations or related business entities of Defendants, inclusive, who were acting on behalf of or in concert with, or at the direction of Defendants and are responsible for the injurious activities of the other Defendants.

4.   Plaintiffs allege that each named and Doe and Roe Defendant negligently, willfully, intentionally, recklessly, vicariously, or otherwise, caused, directed, allowed or set in motion the injurious events set forth herein.

5.   Each named and Doe and Roe Defendant is legally responsible for the events and happenings stated in this Complaint, and thus proximately caused injury and damages to Plaintiffs.

6.   Plaintiffs request leave of the Court to amend this Complaint to specify the Doe and Roe Defendants when their identities become known.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

7.   On or about September 12, 2013, Plaintiff was operating a vehicle that was involved in a motor vehicle accident in Clark County, Nevada.

2

**RICHARD HARRIS**
LAW FIRM

8.   On or about September 12, 2013, and at all times relevant hereto, Gang Sun and Tao Sun, were the owners and/or operators of the vehicle that collided with the vehicle operated by Plaintiff.

9.   As a direct and proximate result of Gang Sun and Tao Sun's negligence, and the resulting accident, as herein alleged, Plaintiff has been caused to suffer bodily injury, disability, medical treatment, as loss of enjoyment of life, great pain and suffering of mind and body, some or all of which may be permanent and/or experienced in the future, all to Plaintiff's general damage in an amount to be proven at trial.

10.  As a proximate result of Gang Sun and Tao Sun's negligence, Plaintiff was required to, and did employ, physicians and medical providers for examinations, treatment, consultations, and care of bodily injuries, and did incur medical and incidental expenses, in an amount in excess of $10,000.00.

11.  As a further and proximate result of Gang Sun and Tao Sun's negligence, Plaintiff has incurred past medical expenses, and Plaintiff will incur future medical expenses in an amount to be proven at trial.

12.  An automobile insurance policy was in force and effect for the Plaintiff and the vehicle he owned and operated.

13.  Said insurance policy coverage was issued by Defendant SAFECO INSURANCE COMPANY OF ILLINOIS and contained a provision for underinsured motorist coverage (UIM).

14.  Defendant SAFECO INSURANCE COMPANY OF ILLINOIS refused to properly and fairly compensate Plaintiff under the terms of the contract, and specifically the UIM portion of the insurance policy.

3

15. As a further and proximate result of Gang Sun and Tao Sun's negligence, Plaintiff has incurred attorneys' fees and costs. Plaintiff will incur future attorneys' fees and costs that are presently undetermined.

### FIRST CAUSE OF ACTION
#### (Breach of Contract)

16. Plaintiff repeats and realleges each of the allegations contained in the preceeding and subsequent paragraphs of this Complaint as fully set forth herein.

17. An automobile insurance policy was in force and effect for the Plaintiff and the vehicle he owned.

18. That under the terms of the policy, Plaintiff was "insured" under the policy.

19. That said insurance policy coverage was issued through Defendant SAFECO INSURANCE COMPANY OF ILLINOIS.

20. That said policy includes a provision for underinsured motorist (UIM) coverage.

21. That a UIM claim is one of a contractual nature.

22. That Plaintiff cannot recover the full amount of damages against Gang Sun and Tao Sun as they were underinsured motorists.

23. That Plaintiff suffered damages as the result of the collision with Gang Sun and Tao Sun in excess of $10,000.00 and said damages include past and future medical expenses, general damages for past and future pain and suffering, past and future loss of earnings, and other damages.

24. That Defendant SAFECO INSURANCE COMPANY OF ILLINOIS breached their contract to fully compensate Plaintiff for damages under the terms of the uninsured motorist policy.

4

RICHARD HARRIS
LAW FIRM

25. That said breach by Defendant SAFECO INSURANCE COMPANY OF ILLINOIS has caused Plaintiff damages in excess of $10,000.00.

26. Plaintiff brings this cause of action against Defendant SAFECO INSURANCE COMPANY OF ILLINOIS to recover damages under the underinsured motorist policy for personal injuries and other damages in an amount in excess of $10,000.00.

### SECOND CAUSE OF ACTION
#### (Violation of the Unfair Claims Practices Act)

27. Plaintiff repeats and realleges each of the allegations contained in the preceeding and subsequent paragraphs of this Complaint as set forth herein.

28. That Defendant SAFECO INSURANCE COMPANY OF ILLINOIS's actions were in violation of provisions of the Unfair Claims Practices Act (NRS 686A.310 et esq.), violation of which was done with Defendant SAFECO INSURANCE COMPANY OF ILLINOIS's actual and/or implied knowledge.

29. That pursuant to NRS 686A310(2), Defendant SAFECO INSURANCE COMPANY OF ILLINOIS is liable for any damages sustained by Plaintiff as a result of its violation of the unfair claims practices, including damages for benefits denied under the insurance policy, consequential damages, emotional distress, and attorneys' fees.

### THIRD CAUSE OF ACTION
#### (Breach of the Covenant of Good Faith and Fair Dealing/Bad Faith)

30. Plaintiff repeats and realleges each of the allegations contained in the preceeding and subsequent paragraphs of the Complaint as fully set forth herein.

RICHARD HARRIS
LAW FIRM

5

31.  That Defendant SAFECO INSURANCE COMPANY OF ILLINOIS failed to deal fairly and in good faith with Plaintiff by denying, and/or delaying payment of, benefits due under the insurance policy without proper cause.

32.  That as a result of the breach of the implied covenant of good faith and fair dealing, Plaintiff is entitled to damages for denied benefits, consequential damages, attorneys' fees and emotional distress, incurred as a result of Defendant SAFECO INSURANCE COMPANY OF ILLINOIS's bad faith.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief and judgment against Defendants as follows:

1.  Expectation damages for denied policy benefits in excess of $10,000.00;

2.  Consequential damages; including attorney's fees;

3.  Punitive damages;

4.  Costs of suit; and

5.  For such other and further relief as the Court may deem appropriate.

DATED this 21st day of November, 2016.

**RICHARD HARRIS LAW FIRM**

*/s/ Michaela E. Tramel*

MICHAELA E. TRAMEL, ESQ.
Nevada Bar No. 9466
801 S. Fourth Street
Las Vegas, NV 89101
*Attorneys for Plaintiff*