**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

WAYNE YOSHIMOTO,

           Plaintiff,

   vs.

SAFECO INSURANCE COMPANY OF ILLINOIS,

           Defendant.

Case No.: 2:17-cv-00382-GMN-CWH

**ORDER**

Pending before the Court is the Motion to Dismiss, (ECF No. 7), filed by Defendant Safeco Insurance Company of Illinois ("Defendant"). Plaintiff Wayne Yoshimoto ("Plaintiff") filed a response, (ECF No. 9), and Defendant filed a reply, (ECF No. 11). For the reasons discussed herein, Defendant's Motion to Dismiss is **GRANTED**.

**I.**     **BACKGROUND**

This case arises out of a car accident that took place on or about September 12, 2013. (Compl. ¶¶ 7–9, Ex. 1 to Pet. of Removal, ECF No. 1-1). As a result of the accident, Plaintiff claims to have sustained both physical and mental injuries, disability, and medical expenses. (*Id.* ¶¶ 9–11). Plaintiff further claims that he could not recover the full amount of damages from the negligent parties because they were underinsured motorists. (*Id.* ¶ 22).

At the time of the accident, Plaintiff was allegedly covered under an insurance policy with Defendant. (*Id.* ¶¶ 12, 13). According to Plaintiff, Defendant "refused to properly and fairly compensate Plaintiff under the terms of the contract, and specifically the [underinsured motorist coverage] portion of the insurance policy." (*Id.* ¶ 14). Based on these allegations, Plaintiff filed a Complaint asserting the following causes of action: (1) breach of contract; (2)

violation of the Unfair Claims Practices Act; and (3) breach of the covenant of good faith and fair dealing/bad faith.

**II.     LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added). In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard*

*Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. DISCUSSION

In the instant Motion, Defendant argues that each of Plaintiff's causes of action should be dismissed for failure to state a claim. (*See* Def.'s Mot. to Dismiss, ECF No. 7). Specifically, Defendant argues that the Complaint is overly "vague and general" and therefore falls short of the pleading standards. (*See id.* 5:3–5). The Court addresses the sufficiency of each cause of action in turn.

### A. Breach of Contract

In his first cause of action, Plaintiff broadly alleges that the underinsured motorist coverage ("UIM") claim is one of a "contractual nature," and "Plaintiff was insured under the policy." (Compl. ¶¶ 18–21, Ex. 1 to Pet. of Removal). Plaintiff further alleges that Defendant breached the insurance contract by failing to "fully compensate Plaintiff for damages under the terms of the uninsured motorist policy." (*Id.* ¶ 24).

To state a claim for a breach of contract in Nevada, the plaintiff must allege: (1) the existence of a valid agreement between the plaintiff and defendant; (2) a breach by the defendant; and (3) damages as a result of the breach. *See Brown v. Kinross Gold U.S.A., Inc.*, 531 F. Supp. 2d 1234, 1240 (D. Nev. 2008). While Plaintiff adequately alleges the existence of an insurance contract, Plaintiff's conclusory assertion that Defendant "breached" the agreement by failing to pay damages under the UIM provision is insufficient to satisfy the remaining elements. Notably, Plaintiff provides no allegations as to the terms of the agreement, the manner in which Defendant allegedly breached the agreement, or the coverage allegedly available under the agreement. Without factual context, Plaintiff's assertion that Defendant breached the UIM portion of the agreement is nothing more than a legal conclusion and therefore insufficient under the pleading standards. *See Ashcroft*, 556 U.S. at 678. The Court therefore grants Defendant's Motion to Dismiss as to this claim.

### B. Violation of the Unfair Claims Practices Act

Plaintiff's second cause of action alleges that Defendant breached the Unfair Claims Practices Act, NRS 686A.310. (Compl. ¶¶ 27–29, Ex. 1 to Pet. of Removal). This statute concerns the manner in which an insurer handles an insured's claim. *Zurich Am. Ins. Co. v. Coeur Rochester, Inc.*, 720 F. Supp. 2d 1223, 1236 (D. Nev. 2010). To state a claim under NRS 686A.310, a plaintiff must allege a violation of one of the statute's sixteen enumerated activities that constitute unfair practice in the insurance context. *See* NRS 686A.310(1)(a)-(p).

Here, much like the breach of contract claim, Plaintiff provides insufficient factual context to raise a claim under this statute. Plaintiff vaguely alleges that Defendant's "actions" were in violation of provisions of the Unfair Claims Practices Act. (Compl. ¶ 28, Ex. 1 to Pet. of Removal). Yet, the only "action" raised as to Defendant is its alleged failure to compensate Plaintiff pursuant to the UIM. Even assuming this allegation were sufficient to raise a breach of contract claim, the mere act of breaching a contract does not give rise to a cause of action for unfair claim practices. Accordingly, the Court grants Defendant's Motion to Dismiss as to this claim.

### C. Breach of the Covenant of Good Faith and Fair Dealing/Bad Faith

Plaintiff's third cause of action alleges that Defendant acted in bad faith and breached the covenant of good faith and fair dealing by "denying, and/or delaying payment of, benefits due under the insurance policy without proper cause." (*Id.* ¶ 31). "An implied covenant of good faith and fair dealing is recognized in every contract under Nevada law." *Consol. Generator-Nevada, Inc. v. Cummins Engine Co.,* 971 P.2d 1251, 1256 (Nev. 1998). A breach occurs where "the terms of a contract are literally complied with but one party to the contract deliberately contravenes the intention and spirit of the contract." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.,* 808 P.2d 919, 922 (Nev. 1991). Furthermore, "[b]ad faith is established where the insurer acts unreasonably and with knowledge that there is no reasonable basis for its conduct." *See American Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354–55 (1986).

Here, the crux of Plaintiff's claim is that Defendant denied payments "without proper cause." Refusal to compensate a loss "without proper cause," however, does not constitute a breach of the covenant of good faith and fair dealing unless the insurer "knew or recklessly disregarded the fact that there was no reasonable basis for disputing coverage." *Powers v.*

*United Servs. Auto. Ass'n*, 962 P.2d 596, 604 (Nev. 1998). Plaintiff fails to provide sufficient allegations as to this issue. Accordingly, the Court grants Defendant's Motion to Dismiss.

### D. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)).

The Court finds that Plaintiff may be able to plead additional facts to support the above causes of action. Accordingly, the Court will grant Plaintiff leave to file an amended complaint. Plaintiff shall file his amended complaint within twenty-one days of the date of this Order if he can allege sufficient facts that plausibly establish his claims against Defendant.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 7), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims are **DISMISSED without prejudice**. Plaintiff shall have twenty-one days from the filing of this Order to file an amended complaint. Failure to file an amended complaint by this date shall result in the Court dismissing this action.

**DATED** this __25__ day of September, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge