**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WAYNE YOSHIMOTO, | )<br>) |
| Plaintiff, | ) Case No.: 2:17-cv-00382-GMN-CWH |
| vs. | )<br>) **ORDER** |
| SAFECO INSURANCE COMPANY OF ILLINOIS, | )<br>)<br>) |
| Defendant. | )<br>) |

Pending before the Court is the Motion for Partial Summary Judgment, (ECF No. 21), filed by Defendant Safeco Insurance Company of Illinois ("Defendant"). Plaintiff Wayne Yoshimoto ("Plaintiff") filed a Response, (ECF No. 22), and Defendant filed a Reply, (ECF No. 24). For the reasons discussed herein, Defendant's Motion for Partial Summary Judgment is **GRANTED**.

**I.     BACKGROUND**

This case arises out of allegations that Defendant, a national insurance company, failed to properly pay insurance benefits to Plaintiff following a traffic collision. (Am. Compl. ¶ 17, ECF No. 18). The collision in question occurred on September 12, 2013, when a vehicle operated by Gang Sun ("Mr. Sun") allegedly struck Plaintiff's vehicle as he was backing out of a parking space. (*Id.* ¶ 8); (Pl.'s Dep. 19:17–19, Ex. 14 to Def.'s MSJ, ECF No. 21-14). As a result of the incident, Plaintiff claims to have suffered physical injuries, mental injuries, disability, and medical expenses. (Am. Compl. ¶¶ 10-11). Based on these injuries, Mr. Sun compensated Plaintiff with his liability insurance policy limits of $15,000.00. (*See* Correspondence, Ex. 4 to Def.'s MSJ, ECF No. 21-4). In addition, Defendant compensated Plaintiff with $5,000.00 for medical expenses. (Payments Summary, Ex. 5 to Def.'s MSJ, ECF

No. 21-5). Plaintiff contends that these payments did not cover the full extent of damages incurred. (Am. Compl. ¶¶ 13, 22).

In May 2016, Plaintiff made a claim for underinsured motorist coverage ("UIM") with Defendant in accordance with the parties' automobile insurance policy ("the Policy"). (*Id.* ¶ 16); (Correspondence, Ex. 4 to Def.'s MSJ). The policy set UIM coverage limits at $100,000 per person and $300,000 per accident. (Policy at 9, Ex. 13 to Def.'s MSJ, ECF No. 21-13). On June 2, 2016, Defendant responded to Plaintiff with its evaluation that Plaintiff had already been fully compensated for his injuries. (*See* Safeco's Resp., Ex. 6 to Def.'s MSJ, ECF No. 21-6). According to Defendant, this response was based upon the results of an independent medical examination and records review by orthopedic surgeon Aubrey Swartz, M.D., which found that Plaintiff's injuries "would have resolved within 3 weeks maximum." (*See* Swartz Report, Ex. 7 to Def.'s MSJ, ECF No. 21-7).

Based on Defendant's failure to pay the UIM policy limits, Plaintiff filed an Amended Complaint on October 13, 2017, alleging three causes of action: (1) Breach of Contract; (2) Violation of the Nevada Unfair Claims Practices Act; and (3) Breach of the Covenant of Good Faith and Fair Dealing/Bad Faith. (Am. Compl. ¶¶ 19–37). On December 6, 2017, Defendant filed the instant Motion for Partial Summary Judgement. (ECF No. 21).

## II. <u>LEGAL STANDARD</u>

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if

reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*

*Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III. DISCUSSION

In the instant Motion, Defendant moves for partial summary judgment on Plaintiff's claims for: (1) Breach of the Covenant of Good Faith and Fair Dealing/Bad Faith; and (2) Violation of the Nevada Unfair Claims Practices Act. (Def.'s MSJ 11:19–12:11, ECF No. 21). Additionally, Defendant argues that the Court should strike Plaintiff's request for punitive damages. (*Id.*). The Court addresses each issue in turn.

**A. Breach of the Covenant of Good Faith and Fair Dealing/Bad Faith**

Defendant argues that Plaintiff's bad faith claim fails because "there is simply no evidence of [] knowingly unreasonable conduct" on the part of Defendant in denying Plaintiff's UIM claim. (*Id.* 13:24–14:7). A party can be liable for breach of the covenant of good faith and fair dealing "'[w]hen [it] performs a contract in a manner that is unfaithful to the purpose of the contract' or otherwise acts in bad faith." *Gorrell v. State Farm Mut. Auto. Ins. Co.*, No. 2:08–CV–01757–RLH–RJJ, 2010 WL 2628651, at *4 (D. Nev. June 28, 2010) (quoting *Hilton Hotels v. Butch Lewis Prods.*, 808 P.2d 919, 923 (Nev.1991)). To establish a claim for bad faith in the insurance context, a plaintiff must show: (1) an insurer's denial of (or refusal to pay)

an insured's claim; (2) without any reasonable basis; and (3) the insurer's knowledge or reckless disregard of the lack of a reasonable basis for its claim denial. *Sandoval v. Hartford Underwriters Ins. Co.*, No. 2:10–CV–1799–JCM–PAL, 2011 WL 586414, at *2 (D. Nev. Feb. 9, 2011) (citing *Pioneer Chlor Alkali Co. v. Nat'l Union Fire Ins. Co.*, 863 F.Supp. 1237, 1247 (D. Nev. 1994)). An insurer is not liable for bad faith so long as it had a reasonable basis to deny coverage. *Pioneer*, 863 F.Supp. at 1249 (refusing to find bad faith where insurance company investigated damage and requested documents despite insured's argument that investigation was incomplete).

Plaintiff contends that the bad faith cause of action should survive because a reasonable jury could conclude that Defendant "lacked a reasonable basis to deny Plaintiff's [UIM] claim." (Pl.'s Resp. 4:19–22, ECF No. 22). In support of this conclusion, Plaintiff notes that he incurred $117,069.30 in medical bills following the accident, which far exceeded the $20,000.00 he received in compensation. (*See id.* 3:11–17). According to Plaintiff, this discrepancy shows that "Defendant's basis for its denial of the claim is unreasonable on its face . . .." (*Id.* 5:1–3).

Notwithstanding the above conclusory arguments of counsel, Plaintiff has failed to provide any admissible evidence to support his position that Defendant knowingly and unreasonably denied Plaintiff's UIM claim. *See Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 (9th Cir. 2002) (stating that "arguments and statements of counsel are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment."); *see also Smith v. Mack Trucks,* 505 F.2d 1248, 1249 (9th Cir.1974) (per curiam). For instance, Plaintiff indicates that he incurred total medical expenses of $117,069.30 as a result of the accident, and yet Plaintiff fails to provide any records to substantiate this figure. At summary judgment, a party must go beyond mere assertions and

provide competent evidence to show a genuine issue for trial. *See Celotex Corp*., 477 U.S. at 324.

Here, the uncontroverted evidence in the record shows that Defendant denied the claim based on numerous factors, including the seemingly minor nature of the accident and Dr. Schwarz's medical report. (*See* Accident Photos, Ex. 3 to Def.'s MSJ, ECF No. 21-3); (Swartz Report, Ex. 7 to Def.'s MSJ). Plaintiff has failed to provide any competent evidence to bring into question the reasonableness of Defendant's denial, much less demonstrate that Defendant acted with "knowledge or reckless disregard" for a lack of reasonableness. The Court therefore grants summary judgment in favor of Defendant on Plaintiff's bad faith claim.

### B. Violation of the Unfair Claims Practices Act

Defendant argues that Plaintiff's Unfair Claims Practices Act claim fails because Defendant "promptly communicated its position [that] Plaintiff was completely compensated by other benefits, which was supported by independent medical consulting and other available information." (Def.'s MSJ 15:3–5). The Nevada Unfair Claims Practices Act, NRS 686A.310, concerns the manner in which an insurer handles an insured's claim. *Zurich Am. Ins. Co. v. Coeur Rochester, Inc.*, 720 F. Supp. 2d 1223, 1236 (D. Nev. 2010). To establish a claim under NRS 686A.310, a plaintiff must show a violation of one of the statute's sixteen enumerated activities that constitute unfair practice in the insurance context. *See* NRS 686A.310(1)(a)-(p).

In the Amended Complaint, Plaintiff fails to identify which provisions of NRS 686A.310 Defendant allegedly violated. Rather, Plaintiff only includes broad legal conclusions, such as Defendant "failed to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies." (*See* Am. Compl. ¶ 31). Similarly, in response to the instant Motion for Summary Judgment, Plaintiff merely states that he "proffers sufficient evidence to persuade a reasonable jury that Defendant 'failed to pay Plaintiff benefits he was entitled to under the policy. . ..'" (Pl.'s Resp. 5:13–16). As noted

above, however, Plaintiff has failed to provide any admissible evidence to the Court. Thus, based upon a review of the uncontroverted evidence in the record, the Court finds that Defendant is entitled to summary judgment on this claim.

### C. Punitive Damages

In Nevada, the award for punitive damages is governed by statute. *See* NRS 42.005. Punitive damages are designed to punish and deter a defendant's culpable conduct and act as a means for the community to express outrage and distaste for such conduct. *Countrywide Home Loans, Inc. V. Thitchener,* 124 Nev. Adv. Op. No. 64, P.3d 243 (2008). For punitive damages to be awarded, the conduct of the defendant must be oppressive, fraudulent, or malicious. NRS 42.005. Both malice and oppression require a conscious disregard for a person's rights and "knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate failure to act to avoid those consequences." *Countrywide,* 192 P.3d at 252.

Here, Plaintiff has failed to present any competent evidence to support a finding that Defendant's conduct was oppressive, fraudulent or malicious. The Court therefore strikes Plaintiff's request for punitive damages.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Partial Summary Judgment, (ECF No. 21), is **GRANTED**. The Court grants Defendant summary judgment on Plaintiff's extra-contractual claims and strikes Plaintiff's request for punitive damages.

**IT IS FURTHER ORDERED** that the parties shall have thirty (30) days from the issuance of this order to file a Joint Pretrial Order on the remaining breach of contract claim.

**DATED** this __11__ day of September ~~August~~, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge